IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Chapter 13 |
| JERRY JOHNSON, | : | |
| | : | Bankruptcy No. 24-10005-pmm |
| Debtor | : | |

**MOTION OF LOAN RANGER LP FOR RELIEF FROM THE AUTOMATIC STAY OF SECTION 362 OF THE UNITED STATES BANKRUPTCY CODE**

## The Parties and Jurisdiction

1. The Movant is Loan Ranger LP ("LRLP"), a limited partnership organized and existing under the laws of the Commonwealth of Pennsylvania, with offices at 221 Mifflin Street, Lancaster, Lancaster County, Pennsylvania 17602.

2. The Respondent is Jerry Johnson, the Debtor ("Debtor") in this Chapter 13 proceeding commenced by the filing of a voluntary petition on January 2, 2024 ("Petition Date").

3. The Bankruptcy Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. §362.  This Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G).

4. Movant LRLP consents to the entry of a final order or judgment on this Motion if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

## Factual Background

Paragraphs 1 through 4 hereof are incorporated by reference.

5. Attached hereto, incorporated by reference and marked **Exhibit A is** a true and correct copy of LRLP's Proof of Claim filed on February 23, 2024 ("Proof of

Claim") setting forth a secured claim in a total amount of $243,777.50. LRLP's Proof of Claim is #8 on the Claims Register herein.

6. LRLP's claim set forth in its Proof of Claim is based upon a certain commercial loan ("Loan") evidenced by a Mortgage Note dated November 16, 2020 ("Note") in the original principal amount of One Hundred Eighty Thousand and 00/100 Dollars ($180,000.00) executed and delivered by Debtor to LRLP. A true and correct copy of the Note is attached as an Exhibit to LRLP's Proof of Claim.

7. The Loan is secured by a first position Mortgage ("Mortgage") granted by Debtor upon certain investment residential property known and numbered as 509 East Strawberry Street, in the City of Lancaster, Lancaster County, Pennsylvania (Tax Parcel No. 337-84654-0-0000) (the "Mortgaged Premises"). The Mortgage is dated November 16, 2020 and recorded on November 19, 2020 in the Office of the Recorder of Deeds of Lancaster County, Pennsylvania, as Instrument Number 6561232. A true and correct copy of the Mortgage is attached as an Exhibit to LRLP's Proof of Claim.

8. The Mortgaged Premises are an investment property for the Debtor and not the Debtor's residence.

9. The Debtor is in default under the terms of the Loan due to, *inter alia,* his failure to (a) pay assessments, taxes and other lienable charges due upon the Mortgaged Premises and (b) pay in full the outstanding balance of principal, accrued interest and other charges authorized under the Note and the other Loan documents upon contractual maturity of the Loan on May 1, 2022.

10. Based upon the defaults set forth in paragraph 9 above, LRLP commenced an action in foreclosure upon the Mortgaged Premises in the Court of Common Pleas of Lancaster County, Pennsylvania, to Docket No. CI-23-06073, on August 30, 2023.

11. LRLP obtained judgment in mortgage foreclosure with respect to the Mortgaged Premises on October 25, 2023 ("Judgment") and, in execution upon its Judgment, caused the Mortgaged Premises to be listed for Sheriff's Sale on March 27, 2024. The commencement of this bankruptcy proceeding on January 2, 2024 stayed the Sheriff's Sale.

**Relief from Stay for Cause Pursuant to 11 U.S.C. §362(d)(1)**

Paragraphs 1 through 11 hereof are incorporated by reference.

12. As confirmed by Respondent's Schedules in this proceeding, the Mortgage is believed to be first in lien priority against the Mortgaged Premises, behind only liens for unpaid local real estate taxes.

13. The Note grants LRLP the right to recover interest on LRLP's secured claim and late charges, as well as fees, costs and other charges, including attorneys' fees and expenses, incurred in the collection of all amounts owed to LRLP under the Note. Such interest, fees, costs and charges are accruing and will continue to accrue if the Mortgaged Premises remain in the Debtor's estate.

14. The Debtor remains delinquent on payment of local real estate taxes assessed against the Mortgaged Premises. As of the date of this Motion, local municipality and school district real estate taxes for calendar years 2022 and 2023 remain unpaid and constitute liens against the Mortgaged Premises prior to LRLP's

Mortgage in a total amount of $18,241.36 in accordance with the Proof of Claim of the Lancaster County Tax Claim Bureau filed on February 14, 2024 to No. 7 on the Claims Register herein. Due to the continuing accrual of interest in accordance with applicable statutes, the Debtor's delinquent real estate tax balance and attendant liens continue to grow post-petition, to LRLP's detriment.

15.    The Debtor has made no contractual payments nor any adequate protection payments to LRLP post-petition.

16.    The Chapter 13 Plan filed by Debtor in this proceeding on February 5, 2024 [Docket No. 25] ("Plan") is deficient and unconfirmable for numerous reasons including, without limitation: (a) The Plan fails to provide treatment for LRLP or other secured creditors as required under Sections 1322 and 1325 of the United States Bankruptcy Code, Title 11 U.S.C. ("Bankruptcy Code"); (b) The Plan undervalues LRLP's allowed secured claim; (c) The Plan is not feasible; and (d) Neither Debtor's Schedules I and J [Docket No. 20] nor any other provision of the Debtor's Schedules or the Plan reveal any source of income or liquid assets to fund a confirmable Chapter 13 Plan. LRLP incorporates herein by reference in its entirety LRLP's Objection to Confirmation of Debtor's Chapter 13 Plan docketed to No. 35 in this proceeding.

17.    Upon information and belief, the Mortgaged Premises remains under condemnation by the City of Lancaster, Pennsylvania, as it has been for approximately the last 4 ½ years.

18.  LRLP's interests are inadequately protected, and if LRLP is not permitted to foreclose its interest in the Mortgaged Premises, or alternatively granted adequate protection, LRLP will suffer irreparable injury, loss and damage.

19.  The Debtor's inability to adequately protect LRLP's interests in the Mortgaged Premises and inability to propose a confirmable Chapter 11 Plan constitute cause for relief from stay under 11 U.S.C. §362(d)(1).

### Relief from Stay Pursuant to 11 U.S.C. §362(d)(2)

Paragraphs 1 through 19 hereof are incorporated by reference.

20.  Upon information and belief, as a result of LRLP's secured claim and real estate tax liens of record as set forth in paragraph 13 above, the Debtor has no effective equity in the Mortgaged Premises.

21.  Debtor's Plan suggests no source of funds for refinancing the Mortgaged Premises, particularly while under condemnation, and no other means of paying LRLP's secured claim except through sale of the Mortgaged Premises.  Accordingly, the Mortgaged Premises are not necessary to an effective reorganization.

### F.R.B.P. 4001(a)(3) Stay

Paragraphs 1 through 21 hereof are incorporated by reference.

22.  As a result of the bankruptcy filing, LRLP's execution sale of the Mortgaged Premises has been stayed and continued until May 29, 2024.  LRLP seeks relief from the automatic stay in order to proceed with enforcement of its legal and equitable rights with respect to the Mortgaged Premises including, without limitation, execution, levy, sale, ejectment and all other remedies that LRLP may have at state law or in equity.

23. LRLP demonstrates cause to have relief from the bankruptcy stay granted effective immediately and should not be subject to the fourteen (14) day stay of Fed. R. Bankr. P. 4001(a)(3) because LRLP will incur substantial additional costs and expenses if the stay remains and LRLP is unable to proceed with Sheriff's Sale of the Mortgaged Premises Estate on May 29, 2024.

WHEREFORE, LRLP respectfully requests that: the stay of 11 U.S.C. § 362 be modified to permit LRLP to proceed with all remedies authorized under the Note and Mortgage and applicable law including, without limitation, execution, levy, sale, ejectment and all other remedies which LRLP may have at law or in equity with respect to the Mortgaged Premises known and numbered as 509 East Strawberry Street, in the City of Lancaster, Lancaster County, Pennsylvania, or in the alternative that Debtor be required to provide LRLP with adequate protection; LRLP requests that relief from the automatic stay be granted pursuant to 11 U.S.C. § 362(d)(1) and (2); LRLP requests waiver of the stay imposed under Fed. R. Bankr. P. 4001(a)(3) on any Order entered herein granting relief from stay; and LRLP prays for such other and further relief as is just and appropriate.

                    BRUBAKER CONNAUGHTON GOSS
                    & LUCARELLI LLC
                    Attorneys for Movant Loan Ranger LP

Dated: 04/05/2024        By: /s/ Robert W. Pontz, Esquire
                                  Robert W. Pontz, Esquire
                                  Attorney I.D. No. 56554
                                  480 New Holland Avenue, Suite 6205
                                  Lancaster, PA  17602
                                  (717) 945-5745